FREESE, APPELLANT, *v.* STREICHER, ADMR., ET AL., APPELLEES.

(No. 3898—Decided June 1, 1942.)

*Mr. Ben L. Levine* and *Mr. Edwin J. Lynch,* for appellant.

*Messrs. Streicher, Gorman & Jenne* and *Mr. John E. Daniells,* for appellees.

CARPENTER, J.   This was an action on a promissory note. The plaintiff, Hollice Freese, the payee, asked a judgment against defendant August M. Streicher as administrator of the estate of the maker, Victor N. Martin, and against the defendant Aetna Life Insurance Company, claiming that in the note the maker assigned to her to secure her loan to him a part of the proceeds of an ordinary life insurance policy he then held with that company. A jury was waived and on trial the judgment was for the plaintiff against the administrator, but against her claim as to the insurance. The plaintiff appealed on questions of law, assigning as error that the judgment for the company is against the weight of the evidence and contrary to law. The essential facts are undisputed.

The note in question is as follows:

"$1,000.00.          Toledo, O., May 13, 1936.

"On death after date I promise to pay to the order of Hollice Freese one thousand and no/100 dollars. Payable from insurance policy Aetna Co.

"Value received with interest at no per cent per annum.

"Due on Death.                    Victor N. Martin."

At the date of the note there was in effect only one life insurance policy issued by the defendant Aetna Life Insurance Company on the life of Victor N. Martin, and that was an ordinary life policy for $5,000. His wife, Hilma C. Martin, was the named beneficiary therein, but the insured, at that time, had reserved the right to change the beneficiary. A deferred settlement plan by payment in installments, irrevocable by the beneficiary, was provided for in the policy.

The policy was in effect at the death of the insured in 1940, and defendant August M. Streicher was appointed administrator of his estate. A proof of claim was duly presented to the administrator and was rejected and this action was commenced in due time against the administrator and the insurance company. The prayer was a judgment against the administrator for the $1,000 "and for all proper relief." The further prayer was that the company "be enjoined from paying over to any person any of the proceeds of policies of insurance insuring the life" of Victor N. Martin until final order herein.

The answer of the company admitted the insurance, the death and administration, but denied the other allegations of the petition and pleaded that Hilma C. Martin was the "duly designated beneficiary"; that, by the terms of the policy, the beneficiary could be changed only on written request to and acceptance by the company; and that all monies due were to be held in trust by it for the beneficiary and were not subject to claims of any creditors of the insured, or of the beneficiary.

Only $1,150 of the $5,000 had been paid by the company to Hilma C. Martin when this action was com-

menced and no further payments have been made to her.

The answer of the administrator admitted the formal allegations of the petition and denied generally the debt and claims as to insurance.

The only express relief asked against the company is an injunction. From the arguments of counsel this court had the impression that a judgment at law against the company was sought. The judgment entry recites that the parties "waived trial by jury and consented that this case be tried by the court," thus indicating they then regarded it as an action at law. The brief asks a lien on the insurance funds. Whatever relief was desired could have come only under the "and for all proper relief" feature of the prayer.

At most, the note in question could be regarded only as an assignment of a part of the debt the company owed on the death of the insured, and it is not claimed that either the company or the beneficiary, Hilma C. Martin, accepted the assignment or had any notice of it before this claim was presented to the administrator, if then.

This being an assignment of but part of the debt, a chose in action, the plaintiff cannot recover on it in an action at law. *Pittsburg, C., C. & St. L. Ry. Co.* v. *Volkert,* 58 Ohio St., 362, 50 N. E., 924, settles that. On page 369 of the opinion, Spear, C. J., says:

"It is conceded that an assignment of a part of a debt cannot be enforced at law unless assented to by the debtor. This principle is held in *Mandeville* v. *Welch,* 5 Wheat., 277, opinion by Mr. Justice Story. The reason is that it might subject the debtor to a multiplicity of suits at the instance of each assignee of separate portions of the debt; * * * it would be impossible in a court of law, to protect the rights of all the parties. The principle is universally recognized, and has been applied in many adjudicated cases."

That the latter statement is true is evidenced by the note in 80 A. L. R., 413. In *Pennsylvania Co.* v. *Thatcher,* 78 Ohio St., 175, 85 N. E., 55, paragraph one of the syllabus, the *Volkert decision* was approved and followed. However, in both the *Volkert* and *Thatcher cases* it was recognized that such partial assignment may be made effective in a suit in equity where all persons interested in the fund are before the court as parties and their rights can be determined and protected in the one suit.

Even if this branch of this cause be treated as one in equity, the absence of the beneficiary, the real party in interest and the one who would suffer by the deduction of plaintiff's $1,000 from the insurance money, makes it impossible to protect the insurance company against an action by the beneficiary who would not be barred by any sort of a judgment herein. In this respect it is similar to the *Thatcher case, supra,* where a real party in interest was not before the court.

This principle decisively precludes the plaintiff's recovery in this action of any relief from the insurance company, and hence, without discussion or decision of the other questions raised in the pleadings and argument, the judgment must be affirmed.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.